1
2
3
4
5
6
7

8              **UNITED STATES DISTRICT COURT**

9              **EASTERN DISTRICT OF CALIFORNIA**

10

11  YOUNG YIL JO,                          )   Case No.: 1:13-cv-01731-AWI-SAB (PC)
                                           )
12              Plaintiff,                 )   ORDER FINDING PLAINTIFF ACTED IN BAD
                                           )   FAITH AND IMPOSING MONETARY
13       v.                                )   SANCTIONS IN THE AMOUNT OF $200.00 ON
                                           )   PLAINTIFF
14  SIX UNKNOWN NAMES AGENTS, et al.,      )
                                           )   (ECF No. 1)
15              Defendants.                )
                                           )   FORTY-FIVE DAY DEADLINE
16  _____       )

17        Plaintiff Young Yil Jo is appearing pro se in this civil rights action pursuant to 42 U.S.C. §

18  1983, filed on October 28, 2013.  Plaintiff is currently in the custody of the Etowah County Jail in

19  Gadsden, Alabama.

20        To date, Plaintiff Young Yil Jo has filed over one-hundred fifty civil cases in this district.  The

21  complaint filed in this action is not signed and it sets forth no intelligible claims for relief, and fails to

22  state any cognizable claims under federal law.  Ashcroft v. Iqbal, 556 U.S. 662, 677-668 (2009); Bell

23  Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Federal courts, as all courts, are for the serious

24  presentation of cases in which litigants wish to have their matters heard.  Plaintiff is not one who takes

25  his claim with any serious indication that he intends to pursue a righteous claim.

26        On June 12, 2013, the Court issued an order finding that Plaintiff acted in bad faith and

27  imposed monetary sanctions in the amount of $100.00 in a separate frivolous complaint filed by

28  Plaintiff in Young Yil Jo v. Six Unknown Names Agents in case number 1:13-cv-00837-AWI-SAB,

                                            1

ECF No. 2.  The Court cited to a previous frivolous complaint filed by Plaintiff in <u>Pak v. Six</u> <u>Unknown Names Agent</u> in case number 1:13-cv-00750-AWI-SAB, in which Plaintiff was forewarned that monetary sanctions would be imposed for filing frivolous complaints.

The Court also issued a findings and recommendations, in case number 1:13-cv-00837-AWI-SAB, recommending to dismiss the action with prejudice as frivolous.  (<u>Id.</u>, ECF No. 3.)  The findings and recommendations were adopted in full on August 21, 2013, and the action was dismissed.

Plaintiff has previously been informed on numerous occasions that he may be monetarily sanctioned for filing frivolous claims without basis in law or fact.  <u>See</u> 1:13-cv-00750-AWI-SAB, ECF No. 2 ("Plaintiff is further forewarned that filing a complaint based upon facts and law that have no reasonable basis may result in further sanctions, including but not limited to an order to pay a penalty to the Court."); 1:13-cv-00837-AWI-SAB, ECF No. 2.  Plaintiff failed to heed the Court's warning and filed this similar frivolous claim.

This Court has inherent power to sanction parties or their attorneys for improper conduct. <u>Chambers v. Nasco, Inc.</u>, 501 U.S. 32, 43-46 (1991); <u>Roadway Express, Inc. v. Piper</u>, 447 U.S. 752, 766 (1980); <u>Fink v. Gomez</u>, 239 F.3d 989, 991 (9th Cir. 2001).  The imposition of sanctions under the Court's inherent authority is discretionary.  <u>Air Separation, Inc. v. Underwriters at Lloyd's of London</u>, 45 F.3d 288, 291 (9th Cir. 1995).  A court's inherent powers "are governed not by rule or statue but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  <u>Chambers</u>, 501 U.S. at 43.  Such inherent power "is not a broad reservoir of power, ready at an imperial hand, but a limited source; and implied power squeezed from the need to make the court function."  <u>Id.</u> at 42.  "Because inherent powers are shielded from direct democratic controls, they must be exercised with restraint and discretion."  <u>Roadway Express, Inc.</u>, 447 U.S. at 764.

The Courts "inherent power 'extends to a full range of litigation abuses.'"  <u>Fink</u>, 239 F.3d at 992 (quoting <u>Chambers</u>, 501 U.S. at 46-47.)  However, in order to sanction a litigant under the Court's inherent powers, the Court must make a specific finding of "bad faith or conduct tantamount to bad faith."  <u>Fink</u>, 239 F.3d at 994.  Although mere recklessness is insufficient to support sanctions under the Court's inherent powers, "recklessness when combined with an additional factor such as

frivolousness, harassment, or an improper purpose" is sufficient. Id. at 993-994. A litigant may be sanctioned for acting for an improper purpose, even if the act was "a truthful statement or nonfrivolous argument or objection." Id. at 992.

Here, Plaintiff's constant bad faith filings requires members of the clerk's office who are limited in staffing with increased responsibilities due to budget constraints, to process plaintiff's numerous frivolous filings. Further, Plaintiff's claim delays this Court from addressing matters brought in federal court in good faith. The entire Court's time is better spent addressing matters brought in good faith. See Snyder v. I.R.S., 596 F.Supp. 240, 252 (N. D. Ind. 1984) ("[T]he doors of this courthouse are open to good faith litigation, but abuse of the judicial process . . . will not be tolerated."). Similarly, Plaintiff's constant frivolously filings will not be tolerated.

Accordingly, the Court finds that Plaintiff filed this complaint in bad faith without any basis in law or fact. Plaintiff received notice in this Court's previous findings and recommendations that the filing of such complaints may result in monetary sanctions.

Based on the foregoing,

IT IS HEREBY ORDERED that:

1.   Plaintiff is assessed monetary sanctions in the amount of $200.00 for filing a frivolous claim in bad faith;

2.   The sanction amount shall be paid to the Court within **forty-five (45)** days from the date of service of this order; and

3.   The failure to pay the sanction in accordance with this order may result in the imposition of additional sanctions.

IT IS SO ORDERED.

Dated:   __October 30, 2013__                    _____

                                                UNITED STATES MAGISTRATE JUDGE

3